United States District Court
Southern District of Texas
**ENTERED**
August 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DENNIS REYNARD BENSON, § § Plaintiff. § § VS. § GALVESTON COUNTY, *et al.*, § § Defendants. § | CIVIL ACTION No. 3:21-cv-00200 |

## ORDER AND OPINION

Pending before me is Plaintiff's Motion for Leave to File Second Amended Complaint to Add a Claim and an Additional Party ("Motion to Amend"). Dkt. 30. After considering the Motion to Amend, the response, and the applicable law, I **DENY** the Motion to Amend.[1]

## BACKGROUND

On July 11, 2019, the Galveston County Sheriff's Department arrested Plaintiff Dennis Reynard Benson ("Benson") on an outstanding warrant. As Benson was being transported to the Galveston County Jail, he announced that he had swallowed a bag of ecstasy. Concerned for his health, officers took Benson to the hospital for treatment. While at the emergency room, Benson tried to escape. As Benson exited the hospital, he was shot by Deputy Edward Benavidez ("Deputy Benavidez") of the Galveston County Sheriff's Department.

Almost two years after the shooting, Benson filed suit in state court against Galveston County, Galveston County Sheriff Henry Trochesett, and Deputy Benavidez. That lawsuit, which was timely removed to this Court, raised causes of action for assault, intentional infliction of emotional distress, negligence, and

---

[1] Generally speaking, a motion to amend pleadings is considered a nondispositive matter for which a magistrate judge can handle by order as opposed to a memorandum and recommendation. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010).

constitutional violations under 42 U.S.C. § 1983. In September 2021, Benson filed a First Amended Complaint.

On December 8, 2021, I issued a Docket Control Order in this matter. *See* Dkt. 18. The Docket Control Order allowed Benson to file an amended pleading up until December 22, 2021. It also gave Benson the right to add new parties to the case by that same date. Benson did neither.

On July 28, 2022, a little more than six months after the pleading deadline passed, Benson filed the present Motion to Amend. In this motion, Benson seeks to add an additional claim for negligent hiring, training, supervision, and retention, and an additional party, Freddie Poor ("Poor"), in his official capacity as the former Galveston County Sheriff. Attached to the Motion to Amend is a copy of the proposed Second Amended Complaint. Benson claims that he just discovered facts that support adding a new cause of action and a new party to this case. Defendants strongly object to Benson's efforts to amend the lawsuit at this late date. Under the terms of the Docket Control Order, the discovery period ended on August 12, 2022, and dispositive motions are due on August 19, 2022.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a district court "should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). Although Rule 15 ordinarily governs the amendment of pleadings, "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quotation omitted). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Ultimately, Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted).

Even if a plaintiff offers a persuasive explanation for the failure to timely amend his pleadings, "[a] futile amendment need not be allowed under Rule 16(b)." *Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 381 n.9 (5th Cir. 2011). As a result, a plaintiff seeking to amend a complaint must, at a bare minimum, allege a claim for relief that would survive a Rule 12(b)(6) dismissal. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."). I must, therefore, review Benson's proposed Second Amended complaint under the same standard of legal sufficiency as applies under Rule 12(b)(6).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

## ANALYSIS

Benson first asks to amend his lawsuit to add a cause of action for negligent training, supervision, and retention. The problem with this request is that the doctrine of sovereign immunity unquestionably bars such a claim. It has long been the law that a governmental entity has sovereign immunity and cannot be held liable for the actions of its employees unless there is a constitutional or statutory

3

provision waiving such immunity. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). It is also well-established that a governmental unit enjoys a heavy presumption in favor of immunity, *see City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007), and the Texas Legislature's waiver of sovereign immunity must be clear and unambiguous. *See Harris Cnty. v. Annab*, 547 S.W.3d 609, 613 (Tex. 2018).

The Texas Tort Claims Act ("TTCA") waives immunity for certain tort claims against governmental units, including claims for "personal injury . . . caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2). The Fifth Circuit has expressly held that this limited waiver of sovereign immunity is "not the appropriate vehicle for claims of negligent failure to train or supervise." *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009). Such claims are not within the purview of the TTCA because "'a plaintiff must allege an injury resulting from the condition or use of tangible personal or real property,' and 'information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities.'" *Id.* (quoting *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001)). To the best of my knowledge, every court—state and federal—that has addressed the issue has held that negligent hiring, training, supervision, and retention claims "are areas of liability that have not been waived by the TTCA." *Rivera v. City of San Antonio*, No. SA-06-CA-235-XR, 2006 WL 3340908, at *15 (W.D. Tex. Nov. 15, 2006). *See also Starrett v. City of Richardson*, No. 3:18-CV-0191-L, 2018 WL 4627133, at *12 (N.D. Tex. July 27, 2018) (dismissing negligent hiring and negligent training claims under Rule 12(b)(6) based on the TTCA); *Univ. of Tex. Health Sci. Ctr. v. Schroeder*, 190 S.W.3d 102, 106 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("allegations of negligent supervision do not satisfy the limited waiver of immunity contained within the act"). Accordingly, it would be futile to allow Benson to amend his complaint to add a negligent hiring, training,

supervision, and retention claim. *See Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) ("Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.").

Benson also requests that he be given permission to amend his complaint to add Poor, the former Galveston County Sheriff, in his official capacity. To begin, I note that the proposed claim against Poor in his official capacity is actually a claim against Galveston County since "official capacity suits are really suits against the governmental entity." *Goodman*, 571 F.3d at 396. Adding Poor as a defendant to this lawsuit adds nothing of substance since Galveston County is already a defendant. For that reason alone, Benson's proposed amendment to add Poor is futile and should be denied. *See Chavez v. Alvarado*, 550 F. Supp. 3d 439, 450 (S.D. Tex. 2021) ("Because the plaintiffs are suing the City of Houston, their official-capacity claims against the individual officers are redundant and are dismissed."); *Holland v. City of Houston*, 41 F. Supp. 2d 678, 689 (S.D. Tex. 1999) (explaining that because the plaintiff sued both the City and a City police officer in his official capacity, the claim against the officer was "merely redundant and . . . of no independent legal significance").

Additionally, the allegations against Poor in the proposed Second Amended Complaint fail to state a claim under Rule 12(b)(6). In a nutshell, the factual allegations against Poor are sparse. Viewed in the light most favorable to Benson, all I can discern from the proposed Second Amended Complaint is that Poor, as Chief of the Galveston County Sheriff's Office, was responsible for the hiring, training, and supervision of Deputy Benavidez, and that he generally allowed deputies to use excessive force. I have already explained why the proposed negligent hiring, training, supervision, and retention claim fails as a matter of law. As far as the proposed Second Amended Complaint's § 1983 claim against Poor,

there are no facts that connect Poor to the alleged unconstitutional conduct that took place when Deputy Benavidez shot Benson in July 2019.

Given that Poor retired as Sheriff nearly a decade ago,[2] it is hard to understand how Poor can be held responsible for a shooting that occurred six or seven years after he left office. "In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009) (cleaned up). The proposed Second Amended Complaint sheds no light on how anything Poor did—or did not do—led to the shooting. Benson's "allegations are generic at best, providing no specific facts that rise above the speculative level." *Parker v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 2022). Because the proposed Second Amended Complaint does not state a colorable claim against Poor, it would be futile to give Benson yet another opportunity to amend his complaint.

For the reasons stated above, the Motion to Amend is **DENIED**.

Signed on this 17th day of August 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] *See, Sheriff Freddie Poor reflects on his 45-year career*, KHOU.COM (Dec. 30, 2012, 11:11 a.m.), https://www.khou.com/article/news/local/sheriff-freddie-poor-reflects-on-his-45-year-career/285-339611390.