UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Dennis Reynard Benson, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.: 3:21-cv-00200 |
| | § | |
| v. | § | |
| | § | |
| Galveston County, et al | § | |
| Defendants. | § | JURY DEMANDED |

**DEFENDANT EDWARD BENAVIDEZ'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE DISTRICT COURT:

Defendant, Edward Benavidez ("Benavidez"), asks the Court to render summary judgment against Plaintiff as authorized by Federal Rule of Civil Procedure 56, and in reply to the Plaintiff's Response to his motion, would show the Court as follows:

**I.      Summary of the Basis for the Reply**

Defendant Edward Benavidez ("Benavidez") submits this Reply in support of his Motion for Summary Judgment and respectfully asserts that Plaintiff's claims against should be dismissed because:

(1)  Plaintiff's Response offered no evidence to support his unsubstantiated and conclusory factual assertions.

(2)  Plaintiff's Response consistently misrepresents his legal status at the time of the incident by claiming that the incident occurred during his "arrest". Plaintiff was a pretrial detainee attempting escape from a correctional facility.

(3)  Plaintiff's Response fails to address why his claims are not barred by *Heck v. Humphrey*.

(4)  Plaintiff's Response did not meet his burden to establish that qualified immunity does not apply.

(5)  Plaintiff's Response incorrectly argues that Benavidez sought dismissal pursuant to Rule 12 (c), when in fact the Motion is for Summary Judgement pursuant to Rule 56.

In summary, Plaintiff's Response did not create any genuine issue on any material fact and a summary judgment should be granted as a matter of law.

## II.    Plaintiff Neither Offered nor Cited any Competent Evidence to Defeat Summary Judgment

Plaintiff's Response[1] lists the evidence supporting his response as the Affidavit of Edward Benavidez (Exhibit 2 to Defendant's Motion);[2] the video of Benson's escape from the emergency room (Exhibit 3 to Defendant's Motion);[3] the video of Benson running down the ramp from the emergency room (Exhibit 4 to Defendant's Motion);[4] video of the final stages of the pursuit and the gunshot (Exhibit 5 to Defendant's Motion);[5] and Benson's conviction for Escape, Texas Penal Code § 38.06 (c) (Exhibit 6 to Defendant's Motion).[6] Plaintiff offered no other evidence in support of his response.

---

[1]  *See* ECF 44, § V. on page 15.
[2]  *See* ECF 37-2.
[3]  *See* ECF 38.
[4]  *See* ECF 38.
[5] *See* ECF 38.
[6] *See* ECF 37-3.

2

Despite listing Benavidez's evidence as supporting his response, he makes no reference to any of this evidence, or as support for any of his arguments. Nor does Plaintiff explain anywhere how Benavidez's evidence is inconsistent or creates a fact issue.

Plaintiff makes references to supposed factual disputes in his "Reply to Defendant's Statement of Undisputed Facts."[7]  However, Plaintiff did not attach any evidence to support his contentions or factual issues. He references supposed statements made by supposed witnesses but there is no admissible evidence provided to support the attributed statements. To the extent an objection is necessary, Benavidez objects that the unauthenticated and unsupported statements constitute hearsay and do not constitute competent summary judgment evidence.

Similarly, Plaintiff's Statement of Facts[8] is unsupported by any evidence. Benavidez incorporates the same arguments and objections to the supposed facts cited by Plaintiff.  Lastly, Plaintiff makes several conclusory allegations that are unsupported by any evidence and certainly don't constitute competent summary judgment evidence.[9]

A genuine issue of material fact only exists if "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

The burden of proof is initially on the moving party but once that is carried, it shifts to the non-moving party to establish the existence of a specific issue as to a material fact

---

[7] *See* ECF 44, § III, pages 7-9.
[8] *Id.* at § IV, pages 9-14.
[9] *Id.* at page 14, ¶¶ 69-73.

that warrants a trial on the merits. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). In so doing, the non-moving party cannot rely on mere allegations, unsubstantiated assertions, or speculation. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Instead, the non-movant must go beyond the pleadings and designate specific facts with competent evidence showing a genuine issue. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

> This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Id.* at 1075 (citations omitted, emphasis in original).

Plaintiff has failed to bring forth competent evidence demonstrating a genuine issue of material fact, or to support his legal arguments.

## III.   Plaintiff was a Pretrial Detainee at the Time of the Incident

Throughout Plaintiff's Response he alternates describing his status as either a pretrial detainee, or as a suspect fleeing an attempted arrest. However, the undisputed evidence is that he was arrested in the 405th District Courtroom in Galveston, Texas based on an active warrant related to a drug charge.[10] The bailiff arrested Benson and placed him in a conference room adjacent to the courtroom. During this time Benson accessed and swallowed four ecstasy pills that he had in his pocket.[11]   Plaintiff's arrest had been

---

[10] *See* ECF 37-1, p. 68.
[11] *Id.* at pages 69-70.

completed at the Courthouse and he had been under guard for hours at UTMB before the incident occurred at 5:25 p.m.[12]

"A pretrial detainee receives the protection of the Due Process Clause of the Fourteenth Amendment." *Brothers v. Klevenhagen*, 28 F.3d 452, 455-56, (5th Cir. 1994). "[T]he text of the Fourth Amendment—prohibiting unreasonable 'seizures'—does not support its application to a post-arrest encounter." *Id.* at 456.

Here Plaintiff's arrest had been completed and he had been transferred from the custody of the arresting officer and was under guard at UTMB. He was not free to leave. These facts and authorities in this circuit establish that Plaintiff was a pretrial detainee. *Brothers v Klevenhagen*, 28 F.3d 452 (5th Cir. 1994)  ( individual who attempted escape while unloading at Harris County jail after arrest earlier that day was a pretrial detainee); *Nazerzadeh v. Harris County*, 2010 U.S. Dist. LEXIS 101365*, (S.D. Tex. September 27, 2010) ( man who claimed excessive force while being booked into the Harris County jail was a pretrial detainee); *Jones v McIntosh*, 2016 U.S. Dist. LEXIS 111157* (E. D. Tex. August 22, 2016) (woman who alleged excessive force in the holding cell of a jail was a pretrial detainee).

Plaintiff's response rests heavily on Fourth Amendment analysis, including his misplaced reliance on *Tennessee v. Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985). Because Plaintiff was a pretrial detainee his case must be decided on the standards

---

[12] *See* ECF 38, Exhibit 3.

related to the Due Process Clause of the Fourteenth Amendment and *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015)

## IV.    Plaintiff Failed to Demonstrate Why His Case is not Barred by *Heck v. Humphrey*

Plaintiff's Response is completely devoid of how his excessive force claim is not barred by the fact that he plead guilty to the charge of escape while "confined or lawfully detained in a secure correctional facility or law enforcement facility…." Texas Penal Code § 38.06 (c)(2).[13]   As noted in Benavidez's Motion, a prison guard is justified in using whatever force he believes reasonable, including deadly force, to prevent an escape from a correctional facility. Texas Penal Code § 9.52.  The fact that Plaintiff's escape attempt was while in custody at UTMB is of no significance.  Texas Penal Code § 38.06 (c) (2) convictions have been upheld where the escape occurred from a medical facility. *See Harrell v. State*, 743 S.W.2d 229 (Tex. Crim. App. 1987)(an escape conviction was upheld after an unguarded inmate escaped from the V. A. Hospital where he had been transferred for treatment); *Davis v. State*, 345 S.W.3d 71 (Tex. Crim. App. 2011)(upholding a conviction for felony escape from Parkland Hospital while in the custody of the Dallas County Jail); and *Kamara v. State*, 2007 Tex. App. LEXIS 9404* (Tex. App. – Houston [1st Dist.], 2007)(upholding an escape conviction of a detainee who attempted escape after having been transferred to Ben Taub Hospital for medical treatment). Accordingly, actual

---

[13] *See* ECF 37-3.

presence in a correctional facility is not required to uphold a conviction under Tex. Penal Code § 38.06 (c).

All of the Plaintiff's arguments and authorities fail to address his actual conviction and the use of force allowed for an escape from a correctional facility. Every case cited by Plaintiff is his response on this issue dealt with an analysis of whether excessive force claims are barred in the context of a resisting arrest conviction.[14] As noted above, Plaintiff was a pretrial detainee when he escaped.  Plaintiff's cited authorities and arguments have no application to the actual facts of this case.

Further, Plaintiff made no response, nor did he offer any authority that his state law tort claims, Counts 1-3 of his First Amended Complaint,[15] were not barred by *Heck v. Humphrey*.  Plaintiff has seemingly conceded this point and summary judgment should be granted in Benavidez's favor on those three counts.

As Benavidez was justified to use deadly force under Texas Penal Code § 9.52, Plaintiff's claims of excessive force against him during his escape attempt would necessarily imply the invalidity of his conviction for escape from a correctional facility, and the claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)

---

[14] *See* ECF 44, § VII, 1., pages 16-25.
[15] *See* ECF 12, pages 15-17.

**V.      Plaintiff Did Not Meet His Burden to Establish that Qualified Immunity Does Not Apply**

Benavidez's Motion for Summary Judgment provided the evidence and authorities that support his argument that he is entitled to qualified immunity.[16]  Namely, that he is entitled to qualified immunity based on *Brothers v Klevenhagen*, 28 F.3d 452 (5th Cir. 1994) and Texas Penal Code § 9.52.

Once qualified immunity has been asserted the burden shifts to the Plaintiff to prove that qualified immunity does not apply. "When invoked, the plaintiff must show that (1) a constitutional violation (2) was (a) objectively unreasonable (b) under clearly established law. It is the plaintiff's responsibility to show that a defendant is not entitled to qualified immunity." *Blanchard-Daigle v. Geers*, 802 Fed. Appx. 113, 119 (5th Cir. 2020) (Per Curium).

Plaintiff's Response fails to meet his burden under *Blanchard-Daigle v. Geers*, 802 Fed. Appx. 113, 119 (5th Cir. 2020) (Per Curium) in that it is completely silent as to any clearly established law that Benavidez allegedly violated.[17]

Plaintiff's Response initially implies that Texas Penal Code § 9.52 is unconstitutional but offers no authority in support of this argument.[18]  It remains the law in Texas to this day. Indeed, the statute was analyzed with approval in *Brothers v Klevenhagen*, 28 F.3d 452 (5th Cir. 1994).

---

[16] *See* ECF 37, §§ V-VI, pages 10-15.
[17] *Id.*
[18] See ECF 44 § VIII, 2., pages 25-33.

Plaintiff's Response as to qualified immunity cites numerous legal authorities on the generalities of qualified immunity, but also emphasizes continued misplaced reliance on *Tennessee v. Garner*.[19]   As noted above, *Tennessee v. Garner* has no application to a pretrial detainee or to the facts of this case.

Plaintiff takes pains to argue that Benavidez was dismissed from service following this incident based on interpretations of department policies, but Plaintiff supplied no evidence to support the argument. Regardless, Galveston County Sheriff's Office policies do not equate to the laws of Texas or the United States.  Furthermore, such allegations would be inadmissible under Federal Rules of Evidence 403 and 407 and would not be competent summary judgment evidence.

Plaintiff also repeatedly insists that genuine issues of material fact exist precluding summary judgment on this issue. However, Plaintiff failed to provide any evidence establishing any issues of material fact, nor did he articulate any genuine issue of material fact within the evidence provided by and cited by Benavidez in support of his motion.

It was Plaintiff's burden to cite admissible evidence and legal authority that demonstrated that Benavidez was not entitled to qualified immunity. Plaintiff did not do either. Accordingly, summary judgment should be granted in Benavidez's favor based on qualified immunity.

---

[19] *Id*. at § VIII, 3, pages 33-38.

## VI.    Benavidez's Filed a Motion for Summary Judgment Under Rule 56

Lastly, Plaintiff inexplicably contends that Benavidez seeks dismissal pursuant to Rule 12 (c).[20] Benavidez does not seek dismissal under Rule 12 (c) but seeks summary judgment based on the unchallenged evidence and legal authorities in his motion.[21]

## CONCLUSION AND PRAYER

Based on the evidence and arguments presented in the previously filed Motion for Summary Judgment, and the arguments and authorities in this Reply in Support of Motion for Summary Judgment, Defendant Benavidez prays that summary judgment will be granted against Benson on all claims and afford Benavidez all relief to which he is justly entitled in law and equity.

Respectfully submitted,

Genevieve Bacak McGarvey
Attorney-in-Charge
Federal Bar No. 11272
SBOT: 01487525
gbmcgarvey@mapalaw.com
Bryan R. Lasswell
Federal Bar No. 15715
SBOT: 00784450
brlasswell@mapalaw.com
MCLEOD, ALEXANDER, POWEL &
APFFEL, P.C.
802 Rosenberg- P.O. Box 629
Galveston, Texas 77553
(409) 763-2481
(409) 762-1155 Facsimile
**ATTORNEYS FOR DEFENDANT
EDWARD BENAVIDEZ**

---

[20] Id. at § 6, page 15.
[21] See ECF 37.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically on the 21st day of October 2022, and is available for viewing and downloading from the ECF system. Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same, and satisfied the requirements of Fed. R. Civ. P. 5(b)(2)(D).
.

_____

Bryan R. Lasswell